# EXHIBIT "A"

4:25-cv-4148

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH DAKOTA
## SOTHERN DIVISION

UNITED STATES OF AMERICA,   )
      Plaintiff,   )
        )
        )
v.   ) Case No:  4:23-cr-40024
        )
AMBER LOUISE JUSTUS,   )
      Defendant   )
        )

## DECLARATION OF AMBER LOUISE JUSTUS
* * * * * * *

I, Amber Louise Justus, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1)      I am the Movant in the above-captioned case. I am over the age of eighteen and am competent to make this declaration.

2)      I make this declaration in support of my Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 Contemporaneously filed herewith

3)      The facts set forth herein are based on my own personal knowledge. I have reviewed the Memorandum in Support of my § 2255 Motion, and the factual allegations attributed to this Declaration are true and correct.

4)      My court-appointed attorney for my plea and sentencing proceedings was Tierney C. Scoblic ("Scoblic").

5) Scoblic actively pressured me into accepting a plea agreement, explicitly advising me that I "would not stand a chance in trial" and that accepting the plea was my "only real option." I believed I had no viable alternative due to this consistent pressure.

6) Scoblic never explained what the United States would be required to prove in order to obtain a guilty verdict at trial, nor did she share any discovery with me.

7) Prior to signing the Plea Agreement and Factual Basis Statement, I specifically informed Scoblic that text messages on my phone and an identified witness could disprove critical aspects of the Factual Basis Statement. Despite downloading the phone's contents, Scoblic dismissed this potentially exculpatory evidence as "irrelevant," stating "it doesn't matter where you got the drugs from."

8) I specifically informed Scoblic that I was under the influence of methamphetamine at the time of my arrest and that I could not have knowingly and voluntarily waived my Miranda rights when I made my initial confession. Scoblic failed to investigate or file a motion to suppress this confession.

9) During my first proffer session with the United States, I informed Scoblic that I was under the influence of methamphetamine, yet she permitted the session to proceed. This led the United States to reject my proffer, believing I was lying due to my impaired state.

10) To induce me to attend and cooperate during the second proffer, Scoblic affirmatively "assured" me that I would receive a 10-year sentence if this second

proffer was accepted. This was presented as a guaranteed sentencing outcome, not a prediction or estimate. I relied entirely on this false promise. The promised 10-year sentence never materialized.

11)    Despite my subsequent successful second proffer, Scoblic later provided me with incorrect legal advice, asserting that a Rule 35 motion for a sentence reduction based on substantial assistance was "not possible" because I had allegedly lied during my first, impaired proffer. This advice was legally flawed and deprived me of a potential benefit of my cooperation.

12)    Prior to sentencing, I specifically informed Scoblic about two prior inpatient stays at Avera Behavioral Health and ongoing treatment from a doctor and counselor at Sanford Medical, but Scoblic failed to obtain or present these crucial mental health records at sentencing. This left her unprepared to counter the highly damaging victim impact testimony provided by my eldest daughter.

13)    Prior to the sentencing hearing, I filed a motion to remove Scoblic as my counsel, informing the Court that I felt pressured by her and that she was not working in my best interest. Scoblic was very upset at me for filing this motion and from that point forward was rude and short with me, creating a conflict of interest where I felt she was working against me.

14)    Had I been properly counseled regarding the elements of the offense, the weaknesses in the United States' case, my right to suppress my impaired confession, the actual sentencing exposure I faced, the true nature of the proffer benefits, the existence of exculpatory evidence, and the potential for a Rule 35 motion, I would not

have accepted the plea agreement as written and would have insisted on proceeding to trial. Furthermore, had Scoblic investigated and presented my mental health history at sentencing, I believe I would have received a more favorable sentence.

15)     My cell phone, currently in the possession of Homeland Security, contains critical attorney-client communications, including both text messages and recorded conversations with Scoblic, that directly support my claims of coercion and mis advice.

16)     I am bringing this motion in good faith because I truly believe that my constitutional rights were violated during my case.

17)     I declare under penalty of perjury that the foregoing is true and correct.

**WITNESS MY HAND THIS 31__ DAY OF JULY, 2025**

*Amber Louise Justus*
**Amber Louise Justus**