# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH DAKOTA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| v. | )No:<u>4:25-CV-04148-KES/</u> |
| | )    <u>4:23:CR-40024-KES</u> |
| AMBER LOUISE JUSTUS, | ) |
| Defendant/Movant. | ) <u>4:23-CR-40024-KES</u> |
| | ) |

## MOTION TO STRIKE AND, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO FILE RESPONSE

\* \* \* \* \* \* \*

Comes now the movant, Amber Louise Justus ("Justus"), *pro se*, and pursuant to Rule 12 of the Rules Governing Section 2255 Proceedings and Federal Rule of Civil Procedure 12(f), hereby respectfully requests that this Honorable Court strike the United States' "Government's Answer to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence and Motion to Dismiss" as a procedurally improper responsive pleading. In the alternative, and should the Court deny the instant motion to strike, Justus respectfully requests a thirty-day extension of time, pursuant to Federal Rule of Civil Procedure 6(b), in which to file a comprehensive Response.

In support thereof, and for the Court's consideration Justus respectfully states as follows:

1.      On November 6, 2025, the United States filed a responsive pleading titled "Government's Answer to Petitioner's Motion..." See: *DE 20*. This one-page

document contains only a general denial and incorporates by reference a "memorandum in support of this answer." See: *Id.* That same day, the United States filed a separate "Motion to Seal," in which it explicitly characterizes the referenced memorandum as a "Motion to Dismiss." See: *DE 22.* This procedural tactic improperly circumvents the specific framework established by the Rules Governing Section 2255 Proceedings and fundamentally prejudices Justus's ability to have her meritorious constitutional claims adjudicated.

2.     The Rules Governing Section 2255 Proceedings establish a specific and deliberate procedural sequence for resolving collateral challenges. Rule 5(a) explicitly directs the United States to file an "Answer" to a § 2255 motion, not a dispositive motion in lieu of an answer. See: *Rule 5(a), Rules Governing § 2255 Proceedings.* The Advisory Committee Notes to Rule 5 clarify the distinct function of the required "Answer," explaining that it is intended to operate as a responsive pleading that addresses the movant's specific factual allegations and identifies relevant portions of the record, thereby framing the issues for the Court. By joining the issues, a proper answer allows the Court to determine whether material factual disputes exist that would necessitate an evidentiary hearing under Rule 8 of the § 2255 Rules.

3.     By filing what is, in substance, a pre-answer motion to dismiss under the guise of an "Answer," the United States subverts this intended procedural sequence. A motion to dismiss, which is governed by Federal Rule of Civil Procedure 12(b)(6), seeks to terminate a case on purely legal grounds, often before the factual record has been developed. This is particularly prejudicial to a *pro se* habeas

petitioner like Justus, whose claims of ineffective assistance of counsel are inherently fact-dependent and rely on off-the-record evidence, including her sworn declaration detailing her attorney's coercive advice, misrepresentations, and investigative failures. See: *DE 14*. Forcing Justus to defeat a dispositive motion at this preliminary stage, without the benefit of a fully developed record or the possibility of an evidentiary hearing, would effectively deny her the ability to prove her claims and would be inconsistent with the "rudimentary demands of fair procedure." See: *Hill v. United States, 368 U.S. 424, 428 (1962)*.

4.    While Federal Rule of Civil Procedure 12 is applicable to § 2255 proceedings, it applies only to the extent it is not "inconsistent" with the § 2255 Rules. See: *Rule 12, Rules Governing § 2255 Proceedings*. Here, the specific requirement in Rule 5 for an "Answer" to join the issues supersedes the general availability of a pre-answer motion to dismiss. The proper course is for the United States to file an Answer that responds directly to the allegations in Justus's § 2255 Motion. If, after filing a proper Answer, the United States believes the motion can be resolved on the existing record, it may then file a motion for judgment. Allowing the United States to proceed with a Motion to Dismiss at this juncture improperly collapses the procedural stages and prejudices Justus's ability to have her claims fairly adjudicated. The pleading should therefore be stricken.

5.    In the alternative, should this Court decline to strike the United States' procedurally improper filing, Justus respectfully requests a thirty-day extension of time to prepare her response. A thirty-day extension is necessary and warranted due

to circumstances entirely beyond Justus's control. Her ability to conduct legal research, review the United States' arguments, and draft a comprehensive response has been severely impeded by the Bureau of Prisons' ("BOP") modified operations schedule. This schedule, which the BOP has implemented due to chronic and acute staffing shortages, drastically limits inmate access to the prison law library. These limitations are not trivial; they restrict access to the essential legal resources—including federal case law reporters, procedural treatises, and online legal databases—that are indispensable for a *pro se* litigant to meaningfully engage with complex legal arguments advanced by the United States. Without adequate and consistent library access, Justus cannot properly research the precedents cited by the United States or formulate a legally sufficient rebuttal to the Motion to Dismiss.

6.    The operational disruptions at FCI Hazelton are further compounded by the lingering effects of the recent government shutdown, which has exacerbated existing staffing issues and resource constraints throughout the federal prison system. See: *Protecting federal prisons from shutdown benefits all of us, GOV'T EXEC. (Oct. 30, 2025)*. As has been widely reported and acknowledged, such shutdowns force the BOP to operate on a skeleton crew, often leading to facility-wide lockdowns and the suspension of non-essential services, including law library access and other inmate programs. See: *Rep. Summer Lee Demands Answers from Bureau of Prisons on Lockdowns During Government Shutdown, SUMMERLEE.HOUSE.GOV (Oct. 5, 2025);* See Also: *Government Shutdown Impacts BOP, DEFENDER SERVS. OFF. - TRAINING DIV. (Oct. 2, 2025)*. These

institutional realities create a significant impediment for inmates attempting to meet court-imposed deadlines, transforming the already difficult task of *pro se* litigation into a near impossibility.

7.    The United States' motion seeks to dismiss a § 2255 motion that raises complex and fact-intensive claims of ineffective assistance of counsel during the plea negotiation, cooperation, and sentencing phases of Justus's criminal case. See: *DE 12*. Responding to the United States' arguments requires Justus to not only address intricate legal doctrines under *Strickland v. Washington* and its progeny but also to marshal the factual support for her claims, much of which is contained in her sworn declaration and related exhibits. The limited and unpredictable access to legal resources under the BOP's modified operational posture makes it impossible to prepare a response that does justice to the gravity of these constitutional claims within the standard timeframe.

8.    Under Federal Rule of Civil Procedure 6(b)(1), a court may, for good cause, extend the time for an act to be done if the request is made before the original time expires. See: *Fed. R. Civ. P. 6(b)(1)*. The "good cause" standard is a flexible and liberal one, intended to be applied by courts based on the totality of the circumstances to prevent harsh results for delays caused by external factors. See: *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, *507 U.S. 380, 392 (1993)*. The operational impediments within the BOP, stemming from system-wide staffing shortages and the recent government shutdown, constitute precisely the type of "good cause"

contemplated by Rule 6(b), as these are circumstances entirely outside Justus's control that directly hinder her ability to litigate her case.

9.    This motion is brought in good faith and not for any improper purpose or to cause undue delay. Justus is committed to diligently prosecuting her § 2255 motion and seeks only the time necessary to prepare a thorough and well-reasoned response.

10.    Granting this brief extension will not cause any prejudice to the United States. This case involves a collateral attack on a final judgment, and a modest extension to allow a *pro se* inmate to properly respond to a dispositive motion will have no meaningful impact on the administration of justice or the United States' interests. Conversely, ensuring a complete and fully-briefed record serves the interest of judicial economy by allowing the Court to adjudicate the claims on their merits.

**WHEREFORE**, for the foregoing reasons, Justus respectfully prays that this Honorable Court strike the United States' "Answer and Motion to Dismiss" as procedurally improper and direct the United States to file an Answer that conforms with Rule 5 of the Rules Governing Section 2255 Proceedings. In the alternative, should the Court deny the motion to strike, Justus respectfully prays that the Court grant her a thirty-day extension of time in which to file her Response to the United States' motion, along with any and all other relief that this Court deems just and equitable.

*Respectfully Submitted,*

*Amber Louise Justus*
**Amber Louise Justus**
Reg. No.: 49085-510
FCI Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this 20th day of November, 2025,

I forwarded a true and correct copy of the foregoing Motion via the United States

Postal Service, using postage pre-paid means, to the person listed below:

Kathryn N. Rich, Esq.
Assistant United States Attorney
515 Ninth Street, Room 201
Rapid City, SD 57701

**ORIGINAL TO:**
United States District Court Clerk
For the District of South Dakota- Southern Division
515 Ninth Street
Rapid City, SD 57701

**WITNESS MY HAND THIS ___20___ DAY OF NOVEMBER, 2025**

_____
Witness

*Amber Louise Justus*
Amber Louise Justus

**Extremely Urgent**

Use. Reuse. Recycle.

PULL TAB TO OPEN

Visit **UPS.com**

**Apply shipping documents on this side.**

Scan QR code to schedule a pickup



This envelope is for use with the following services:

**UPS Next Day Air®**
**UPS Worldwide Express®**
**UPS 2nd Day Air®**

Do not use this envelope for:

**UPS Ground**
**UPS Standard**

**Domestic Shipments**
- To qualify for the letter rate, UPS Express® env... correspondence, urgent documents, and/or e... 8 oz. or less. UPS Express envelopes containing... or weighing more than 8oz. will be billed by w...

**International Shipments**
- The UPS Express envelope may be used only f... value. Certain countries consider electronic m... ups.com/importexport to verify if your shipm...

- To qualify for the letter rate, the UPS Express e... UPS express envelopes weighing more than 8...

**Note:** UPS Express envelopes are not recomme... electronic media containing sensitive personal i... Do not send cash or cash equivalent.

**Reusable Express Env...**

**Letter Size**
Reduce paper waste by using this enve... return to sender or with another recipi...



UPS 2ND DAY AIR

TRACKING #: 1Z 84R V87 02 3996 5131

BILLING: 3RD PARTY

XOL 25.09.19

NV45 47.0A 11/2025*

SD 577 2-01

2

SHIP TO:
UNITED STATES DISTRICT COURT CLERK
DISTRICT OF SOUTH DAKOTA
515 9TH ST
RAPID CITY SD 57701-2440

MS AMBER LOUISE JUSTUS REG: 49
55555555555
FCI HAZELTON
PO BOX 5000
BRUCETON MLS WV 26525

0.1 LBS LTR     1 OF 1

DISTRICT OF SOUTH DAKOTA
515 9TH ST

RAPID CITY SD 57701

P: AAA          S:          I:
**GUCI — 2360**
1Z84RV87023996     5131
HCLBGHR        UNLOADR004    NOV 25 06:48:37 2025
US    5772    HIP 25.9.1    ZT411R
Administration Regulations. Diversion contrar...

FOR UPS SHIPPING ONLY

Serving you for more than 110 years
United Parcel Service.®

  

For information about UPS's privacy practices or to opt out from the sale of personal information, please see the UPS Privacy Notice at www.ups.com   010195112   05/21   PAC   United Parcel Service

**Extremely Urgent**

Reusable Express

